**SEMBAWANG MARITIME LTD., Plaintiff**

**v.**

**F/V DON JUAN, her engines, boilers, nets, fish cargo, gear, and appurtenances, *in rem,* and Don JUAN Z FISHING COMPANY INC., *in personam,* Defendants.**

**HONGKONG AND SHANGHAI BANKING CORP. LTD, TCW SPECIAL CREDITS, F/V DON JUAN Z CREW, UNITED STATES OF AMERICA, SHELL GUAM, INC., K.S. INC. and K.S. MOTOR REWINDING, and JONATHON D. YOKE, Plaintiffs in Intervention.**

High Court of American Samoa
Trial Division

CA 57-96

March 24, 1997

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: Plaintiff, William H. Reardon
 For Defendants, Pro Se
 For Intervenor Hongkong and Shanghai Banking Corp. Ltd., Brian M. Thompson
 For Intervenor TCW Special Credits, Barry I. Rose

For Intervenors F/V Don Juan Z Crew and Jonathon D. Yoke, Ellen A. Ryan
For Intervenor United States of America, Marshall Ashley, Philip A. Berns, *pro hac vice*, R. Michael Underhill, *pro hac vice*, and Stephen G. Flynn, *pro hac vice*
For Intervenor Shell Guam, Inc., Tautai A.F. Faalevao
For Intervenors K.S. Inc. and K.S. Motor Rewinding, Charles V. Ala'ilima

Order On Motion for Summary Judgment:

Plaintiff Sembawang Maritime Ltd. ("Sembawang") has moved for summary judgment for approval and payment of *custodia legis* costs. Intervenor United States of America ("U.S.") partially opposed the motion. The Court regularly heard the motion on February 13, 1997. Counsel representing Sembawang, the U.S., and intervenors Hongkong and Shanghai Banking Corp. Ltd., TCW Special Credits, and K.S. Inc. and K.S. Motor Rewinding were present.

### FACTS

On April 10, 1996, defendant F/V Don Juan Z was arrested upon Sembawang's complaint. This vessel was sold at auction on October 29, 1996. The U.S. was the successful bidder at that auction. Sembawang now seeks approval and payment of expenses for the care and maintenance of the vessel in the total amount of $62,711.04. Included in this amount is $5,175 in attorney's fees incurred in preserving the vessel and overseeing advance payment of *custodia legis* costs. The U.S. resists payment or reimbursement of the attorney's fees as not properly included as part of these costs.

### DISCUSSION

■ Claims for costs incurred in securing a vessel while it is in *custodia legis* prior to judicial sale are recoverable from the proceeds of the sale and have priority over the litigants' claims. 46 U.S.C. § 31326; *United Airlines Employee Credit Union v. M/V San End*, 15 A.S.R.2d 95 (Trial Div. 1990). The principal qualification is that the services or goods for which payment or reimbursement is sought must be necessary for the care and preservation of the vessel and be for the common benefit of all parties who have a claim to the vessel. *Oil Shipping v. Royal Bank of Scotland*, 817 F. Supp. 1254, 1259-60 (E.D. Pa. 1993).

■ We agree with the U.S. that counsel for a plaintiff, in a case where a vessel is arrested, must protect his client's interests in arresting the vessel

and prosecuting the claim. As part of these efforts, the attorney may spend time performing tasks which contribute to the preservation of the vessel. However, the apparent lack of precedent for the inclusion of attorney's fees as *custodia legis* expenses speaks volumes on the issue of whether the attorney's efforts on this front are properly included as *custodia legis* costs. Attorney's fees, in certain limited circumstances, may be awarded as an item of damages in an *in rem* action. *See e.g., General Electric v. O/S Triton*, 712 F.2d 991 (5th Cir. 1983). We, however, do not believe they are properly included as *custodia legis* expenses.[1]

## CONCLUSIONS AND ORDER

The $5,175 listed as attorney's fees are not properly *custodia legis* expenses and are therefore excluded. The other expenses appear proper, and since neither the U.S. nor the other intervenors oppose any of the other expenses, those expenses are approved for payment or reimbursement.

Sembawang is granted summary judgment for the approved *custodia legis* costs in the amount of $57,536.04, to be paid from the proceeds of the sale of the F/V Don Juan Z.

It is so ordered.

---

[1] Moreover, even if attorney's fees were included as *custodia legis* expenses, the fee statement provided by counsel fails to adequately disclose how many of the activities benefitted the vessel or the other creditors.